**P. & D. MANUFACTURING CO., Inc., Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 11798.

United States Court of Appeals
Seventh Circuit.

April 30, 1957.

Rehearing Denied Aug. 2, 1957.

James F. Flanagan, Chicago, Ill., Harold T. Halfpenny, Richard F. Hahn, Chicago, Ill., on the brief, for petitioner.

James E. Corkey, Atty., Federal Trade Commission, Washington, D. C., Earl W. Kintner, Gen. Counsel, Robert B. Dawkins, Asst. Gen. Counsel, Washington, D. C., on the brief, for Federal Trade Commission.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

This is a petition to review and set aside a cease and desist order of the Federal Trade Commission. The complaint charged petitioner with discrimination in price between different purchasers of its automotive products of like grade and quality in violation of subsection (a) of Section 2 of the Clayton Act as amended by the Robinson-Patman Act (15 U.S.C.A. § 13).

At the conclusion of the testimony and evidence which comprised the Commission's case, petitioner moved to dismiss the complaint on the ground that a *prima facie* violation of subsection (a) of section 2 had not been established. This motion was denied. Petitioner did not present any evidence but again moved for dismissal which motion was likewise denied.

The hearing examiner entered an initial decision and made detailed findings of fact. He found that petitioner sold its products in commerce; that these products were of like grade and quality; that they were sold to petitioner's customers at different prices; that the customers who were accorded the different prices, competed with each other in the resale of such products; that the different prices were discriminatory and had the proscribed adverse effect upon competition. The examiner concluded that petitioner had violated section 2(a) of the amended Clayton Act, and entered a provisional order to cease and desist. Petitioner appealed and the matter came before the Commission for decision. The Commission denied the appeal, and adopted the findings, conclusions and order of the examiner as those of the Commission.

P. & D. Manufacturing Co., Inc., is located in New York. It sells and distributes in commerce, certain automotive products and supplies which it groups into two lines, an ignition line and a fuel-pump line. The record shows that within each classification or line petitioner's products are of one grade and quality.

Petitioner's domestic sales volume in 1950 was approximately $1,685,000, and sales were made to some 700 automotive parts jobbers who petitioner calls distributors. They, in turn, resell these parts to garages, service stations, fleet owners, car dealers and other jobbers. The price paid by these jobber customers was based in the first instance on petitioner's jobber price list which is the base price schedule. Jobbers purchasing ignition products on the basis of the franchise agreement were accorded discounts of 20% and 2% from the jobber base price schedule. Jobbers purchasing ignition products on the basis of rebate agreements were accorded instead of the usual 2%, varying discounts from the jobber base price schedule depending on total volume of monthly purchases. Essentially the same type of pricing was used for sales in the fuel-pump line.

We hold there is substantial evidence to support the Commission's findings that purchasers of petitioner's products are competitively engaged in the resale thereof; also that substantial evidence supports the Commission's finding that petitioner's discriminatory prices have an adverse competitive effect such as is proscribed by the statute. Of course, all the statute requires is that the practices complained of may substantially lessen competition. See Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 46, 68 S.Ct. 822, 92 L.Ed. 1196 and Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 738, 65 S.Ct. 961, 89 L.Ed. 1320. We are also of the view that the Commission's order properly responds to the findings and conclusions of the Commission.

A more detailed discussion of our reasons for holding as hereinbefore indicated would seem to be unnecessary in view of our decisions in recent cases where practically the same issues were raised. These cases are: E. Edelmann & Company v. Federal Trade Commission, 7 Cir., 239 F.2d 152; Whitaker Cable Corporation v. Federal Trade Commission, 7 Cir., 239 F.2d 253, and C. E. Niehoff & Co. v. Federal Trade Commission, 7 Cir., 241 F.2d 37.

On oral argument petitioner's counsel requested that we adopt here the same procedure as we did in the Niehoff case, that is, postpone the effective date of the Commission's order until some indefinite time in the future.

In Niehoff there was evidence in the record that C. E. Niehoff & Co. would be forced out of business if the traditional pricing practices which it then followed would be denied to it, while its competitors were left free to continue such practices. No such proof or argument was made in the case at bar. The suggestion made at the time of oral argument comes too late.

The order of the Commission is

Affirmed.